FREDERICK P. STAMP, JR. District Judge,
dissenting.
The district court properly denied petitioner-appellant Aaron W. Lee’s petition because the Commission’s later acquisition of the third commissioner’s vote makes a new parole hearing a futile exercise. I agree with the majority that § 2.74(c) confers a substantial right upon inmates who are being considered for release on parole. Accordingly, the Commission lacks discretion to deviate from § 2.74(c), and as a general matter, failure to comply would probably warrant granting habeas relief in the form of a new parole hearing.
Here, however, under the particular factual and procedural circumstances of this case, the violation is harmless error. Lee did not raise the issue as a ground for habeas relief in his initial petition. The violation was first brought to the district court’s attention in the Warden’s answer, by which time the Commission had obtained the third vote. Although the third vote should not be deemed to have ratified the Commission’s decision, the vote does indicate that a new parole hearing would be futile. By statute, the Commission is limited to five members. See Parole Commission and Reorganization Act, 18 U.S.C. § 4201 (1976), amended by the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11231 (1997).[1] Thus, even assuming that the Commission had the full complement of five members at the time of Lee’s parole hearing,[2] and assuming that the two members who did not vote would have voted in Lee’s favor, three commissioners’ votes had already been registered against him. Consequently, it is mathematically impossible for Lee to have obtained a different result on remand. In this particular case, therefore, the later-obtained third vote provides sufficient indi-cia that the outcome of a new parole hearing would have been the same, thereby rendering the prior violation harmless error.
Further, Lee cannot demonstrate that he suffered substantial prejudice by the Commission’s failure to comply with § 2.74(c). Lee argues that he was prejudiced because “there is a reasonable possibility that the outcome would have been different had a third commissioner voted at that time rather than one year later.” (Appellant Reply 2.) Aside from mere *632 speculation about the possibility of a different outcome, Lee offers nothing to show prejudice. Speculation that the outcome of his parole hearing may have been different is insufficient to establish prejudice. See Baze v. Parker, 371 F.3d 310, 322 (6th Cir.2004).
For these reasons, I respectfully dissent.

. Congress repealed 18 U.S.C. §§ 4201-4218 in 1984, with an effective repeal date of November 1, 1987. See Pub.L. 98-473, § 218, 98 Stat. 1837 (1984). The effective repeal date has been extended several times, most recently to twenty-four years after November 1, 1987. See United States Parole Commission Extension Act of 2008, Pub.L. No. 110—312, § 2, 122 Stat. 3013 (2008).

. In 1993, the Commission consisted of only three commissioners. 68 Fed.Reg. 41,527-01. Currently, the number of commissioners appears to have remained at three. See United States Department of Justice http://www. usdoj .gov/uspc/executive.htm (identifying three commissioners) (last visited December 17, 2009).